23-1022
*Elijah Schimkewitsch v. New York Institute of Technology*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand twenty-four.

PRESENT:
DENNIS JACOBS,
MYRNA PÉREZ,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

ELIJAH SCHIMKEWITSCH,

*Plaintiff-Appellant*,

v.                                                                No. 23-1022

NEW YORK INSTITUTE OF TECHNOLOGY,

*Defendant-Appellee*,

_____

**FOR PLAINTIFF-APPELLANT:**          Jason Gilbert, Gilbert Law Group, Melville, NY.

**FOR DEFENDANT-APPELLEE:**          Douglas P. Catalano, Stefanie R. Toren, Clifton
                                                                 Budd & DeMaria, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** to the district court for further proceedings.

Plaintiff-Appellant Elijah Schimkewitsch filed suit in the United States District Court for the Eastern District of New York against Defendant-Appellee New York Institute of Technology ("NYIT"). Schimkewitsch alleged that he was expelled from NYIT's Physician Assistant program (the "Program") because of his perceived and actual disability, in violation of Titles I and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), 12182 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Following a pre-motion conference where the parties presented arguments, the district court granted summary judgment in favor of NYIT. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary.

## I.    PROCEDURAL HISTORY

Following discovery, NYIT sought permission to move for summary judgment pursuant to the district court's individual rules. In doing so, NYIT requested a pre-motion conference to discuss its anticipated motion, which it summarized in a two-page letter along with providing a Rule 56.1 Statement. Notably, NYIT did not provide the underlying evidence cited in its Rule 56.1 Statement, instead supplying only the specific materials set forth in the district court's individual rules. The district court scheduled a telephone pre-motion conference "at which time

2

the parties should be prepared to address [NYIT's] anticipated summary judgment motion." J. App'x at 8. The district court also stated, in relevant part:

> Counsel should note that, in appropriate cases, the pre- motion letter and Rule 56.1 Statement as well as the response and Rule 56.1 Counter-statement, along with counsels' arguments at the pre-motion conference, may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived. *See In re Best Payphones, Inc*., 450 F. App'x 8, 15 (2d Cir. 2011).

*Id.*

Shortly thereafter, Schimkewitsch filed a similarly brief response to NYIT's letter and Rule 56.1 Statement, along with his own Rule 56.1 Statement. Again, no underlying evidence was submitted with the Rule 56.1 Statement, as Schimkewitsch filed only the limited materials requested by the district court. The district court held a pre-motion conference and reiterated at the outset that, "at a pre-motion conference, [the parties] can make any motion [they] want, but [the district court] reserve[s] the right to deem the motion made based on [the] pre-motion filings, which in this case were very well done, and decide it." J. App'x at 150, Tr. 2:17–21. The parties were then invited to "argue anything [they] want to [the district court] to insure that [they've] completed the record." *Id.*, Tr. 2:22–23. At the conclusion of counsel's arguments, the district court deemed a summary judgment motion to have been made and granted summary judgment in favor of NYIT.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's grant of, and procedural errors made in the process of granting, summary judgment, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam); *see Hisps. for Fair & Equitable Reapportionment (H-FERA) v. Griffin*, 958 F.2d 24, 26 (2d Cir. 1992) (per curiam).

3

### III. DISCUSSION

Dismissals based on pre-motion letters have implications on review that are both procedural and substantive. Appellant has raised concerns as to both. Specifically, Schimkewitsch argues that the district court erroneously dismissed his claims without giving him a full opportunity to present his best arguments. He also contends that the district court erred in dismissing his disability discrimination claims. For the reasons that follow, we conclude that Schimkewitsch was provided with sufficient notice and an opportunity to be heard under Fed. R. Civ. P. 56, but neither side was entitled to summary judgment on the existing record.

### a. Procedural Error

The district court did not commit a procedural error by granting summary judgment in favor of NYIT. But, this was a close call.

"We have long expressed 'our disapproval' of grants of dispositive motions based on pre-motion letters." *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 218 (2d Cir. 2024) (emphasis and alterations omitted) (quoting *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54–55 (2d Cir. 2022)). Scenarios similar to this one, when dismissal occurs prior to a summary judgment motion being filed, require the reviewing court to ensure the parties were afforded "notice and an opportunity to be heard, including, with respect to a request for summary judgment, the opportunity to submit evidence." *Id.* at 218. To avoid procedural prejudice to the parties, this Court has and will "vacate and remand for procedural error where a district court grants summary judgment before a party has notice or the opportunity to be heard." *Id.* at 216; *In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 97 (2d Cir. 2016) (vacating district court's judgment where a party had no notice or opportunity to present evidence).

Given the potential prejudice noted above, we by no means encourage dismissal based on

this practice. However, we are persuaded by this record that Schimkewitsch received at least the minimum notice and an opportunity to be heard to avoid incurring procedural prejudice.

Schimkewitsch points to cases from this Court he reads as suggesting that we reach the opposite conclusion. We ultimately conclude that those cases were distinguishable, and no procedural prejudice occurred.

### b. Disability Discrimination Claims

The district court improperly granted summary judgment for two reasons, one of which is a logical consequence of disposing of the matter based on pre-motion letters.

First, we conclude that the district court improperly granted summary judgment by resolving disputed facts that squarely relate to Schimkewitsch's disability discrimination claims.

It is well established that a district court may grant summary judgment *only* where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court may not make credibility determinations, or weigh evidence in evaluating a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ."). Rather, we have long stated that "[t]he function of the district court [when] considering the motion for summary judgment *is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists*." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (emphasis added).

Here, the parties vigorously disagree as to the precise reasons for expelling Schimkewitsch. For example, NYIT contends that one of the non-discriminatory reasons for expelling Schimkewitsch was that he jeopardized patients' safety during his surgical rotation. *See* Joint

5

App'x 153. But, Schimkewitsch asserts that the instructor who complained had no direct knowledge of Schimkewitsch putting a patient's safety in jeopardy, and he did not interview anyone admitting that the incident occurred. *Id.* at 168–69. Despite these material disputes, the district court found that it is "clear on this record that [NYIT] had legitimate, non-retaliatory reasons for dismissing plaintiff" and concluded that Schimkewitsch's unprofessional conduct supported his dismissal. Upon review of the transcript for the pre-motion conference, we conclude that the district court made improper credibility determinations and accepted NYIT's version of the facts in its Rule 56.1 Statement to reach its conclusion. *See id.* at 167–76; *see also Kaytor*, 609 F.3d at 545.

Second, we conclude that the district court further erred by not ensuring that the evidentiary material cited in the parties' Rule 56.1 statements support their assertions.

As this Court has explained, a district court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Instead, a district court must satisfy itself "that the citation to evidence in the record supports the assertion." *Id.* But, there is nothing in the record to show that the district court possessed or reviewed the evidentiary material cited in the parties' Rule 56.1 statements. Therefore, we cannot discern whether the district court satisfied itself that the evidence cited in the parties' Rule 56.1 statements support their assertions, nor can we fulfill our appellate obligations given the incomplete record. This is where a substantive reason for avoiding dismissals based on counsels' arguments at a pre-motion conference can arise: parties not having yet provided the district court with a complete record to review.

For the foregoing reasons, we **VACATE** the district court's judgment granting summary judgment in favor of NYIT and **REMAND** to the district court for further proceedings.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] While it is unclear whether Schimkewitsch is disputing the district court's dismissal of his disability claim under Title I of the ADA, there is no dispute that Schimkewitsch was not an employee of NYIT in this matter. Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . [the] privileges of employment." 42 U.S.C. § 12112(a). Therefore, we affirm the district court's dismissal of his ADA Title I claim.